PER CURIAM.
¶ 1 Darnell Hines appeals an order denying his postconviction motion to vacate his sentence. Hines argues that his sentence violates the prohibition in the United States and Wisconsin Constitutions against cruel and unusual punishments. We reject Hines's argument and affirm the order of the circuit court.
¶ 2 In 1996, Hines received a life sentence after he was found guilty by a jury of first-degree intentional homicide, a Class A felony that carried a mandatory sentence of life imprisonment. See WIS. STAT. §§ 940.01(1) and 939.50(3)(a) (1993-94). Hines was seventeen years old at the time of the commission of the crime on July 7, 1995, and was waived into adult court. He pursued an appeal, and we affirmed the decision of the circuit court in an opinion issued October 8, 1998. The current appeal arises out of a pro se motion filed by Hines in January 2017, seeking to vacate his sentence. The circuit court denied the motion. Hines now appeals, challenging the constitutionality of the statutes under which he was sentenced. We review the constitutionality of a statutory scheme de novo. State v. Ninham , 2011 WI 33, ¶ 44, 333 Wis. 2d 335, 797 N.W.2d 451.
¶ 3 Hines argues that his sentence of life in prison, with parole eligibility after 30 years, constitutes cruel and unusual punishment, due to the fact that he was a juvenile at the time of the crime. Hines relies primarily on Miller v. Alabama , 567 U.S. 460, 465 (2012) for its holding that mandatory life imprisonment without parole for defendants under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishments. Hines also cites several cases from other jurisdictions that we will not address here because they do not involve Wisconsin's sentencing laws.
¶ 4 The State argues that Hines's case is distinguishable from Miller on several levels. We agree. Miller arose from two underlying cases, each of which involved a 14-year-old defendant who was convicted of murder and sentenced to life in prison without the possibility of parole. Id. at 465. In neither case did the sentencing authority have any discretion to impose a different punishment. Id. The Supreme Court stated, "Such a scheme prevents those meting out punishment from considering a juvenile's 'lessened culpability' and greater 'capacity for change,' and runs afoul of our cases' requirement of individualized sentencing for defendants facing the most serious penalties." Id. (quoting Graham v. Florida , 560 U.S. 48, 68, 74 (2010) ).
¶ 5 This court acknowledged the principles of Miller in State v. Barbeau , 2016 WI App 51, ¶¶ 31-33, 41-42, 370 Wis. 2d 736, 883 N.W.2d 520. Antonio Barbeau was 14 years old when he pled no contest to first-degree intentional homicide and was sentenced to life imprisonment with the right to seek supervised release to parole after 35 years. Barbeau , 370 Wis. 2d 736, ¶ 1. In upholding Barbeau's sentence, this court noted that, unlike the statutes in Miller , which gave the sentencing courts "no discretion at all[,]" the circuit court in Barbeau had discretion to mete out a punishment, taking into account Barbeau's youth, in deciding when, if ever, he should be eligible for supervised release. Id. , ¶ 41.
¶ 6 Unlike the statutory schemes at issue in Miller , the statutes under which Hines was sentenced did not mandate a life sentence without parole, except in the case of habitual criminality. See WIS. STAT. §§ 973.014(1) ; 939.62(2m) (1993-94). Like the circuit court in Barbeau , the circuit court in this case had discretion under the applicable statutory scheme to take the defendant's age and individual characteristics into consideration in determining his sentence. The transcript of the sentencing hearing reflects that the court did not specifically reference the fact that Hines was 17 at the time of commission of the crime. However, the court did take into consideration Hines's documented cognitive deficit, which is perhaps even more relevant than his age, given that Hines was almost eighteen at the time of the crime, but that his I-Q was tested around 60, according to the presentence investigation report. The court also considered other mitigating factors, such as the fact that Hines was raised in poverty by a single parent who had a history of substance abuse and criminal behavior.
¶ 7 It is also relevant to note that the penalty scheme under which Hines was sentenced was less severe than the penalties faced by the defendant in Barbeau . Under the sentencing scheme that this court upheld in Barbeau , 370 Wis. 2d 736, ¶ 5, the defendant faced a minimum confinement period of 20 years, whereas Hines faced a minimum confinement period of 13 years and 4 months before he could be eligible for parole. In light of all of the above, we reject Hines's argument that his sentence violates the principles discussed in Miller , and we affirm the circuit court's decision denying his motion to vacate the sentence.
By the Court. -Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.